IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PATRICIA SCHNIEDWIND,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

---

## ORIGINAL COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff, Patricia Schniedwind, by and through her attorneys, Robert D. Green and Daniel P. Barton, and for her original complaint against American Family Mutual Insurance Company, allege as follows

### I.
### Jurisdiction

1.    The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs.  Defendant American Family Mutual Insurance Company ("American Family") is a corporation incorporated in Wisconsin and does not have its principal place of business in Colorado.  American Family's principle place of business is located at 6000 American Parkway, Madison, WI 53783.  Plaintiff is a citizen of Colorado.

## II.
### Venue

2.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Plaintiff was a resident of Colorado Springs, Colorado at all times relevant to this case; all activities alleged herein occurred in El Paso County; and American Family is licensed to transaction business in the State of Colorado.  All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

## III.
### Parties

3.      Plaintiff is a resident of Colorado Springs, Colorado.

4.      Defendant American Family is an insurance company domiciled in Wisconsin. American Family may be served with process by serving the Colorado Division of Insurance, 1560 Broadway, Denver, CO 80202.

## IV.
### Factual Background and General Allegations

5.      Plaintiff Patricia Schniedwind (hereafter "Plaintiff") was insured by American Family Mutual Insurance Company at all times described in this Complaint.

6.      Plaintiff is the owner of the subject property, located at 2475 Rossmere St., Colorado Springs, CO 80919 (the "Property").  Plaintiff is the beneficiary of an insurance policy issued by American Family on the Property (the "Policy").

7.      Starting June 23, 2012, a wildfire began approximately four miles northwest of Colorado Springs, Colorado.  The fire raged for more than two weeks until it was finally contained on July 10, 2012.  This fire would later be known as the "Waldo Canyon Fire" and

2

would ultimately destroy hundreds of homes and burn a total of 18,247 acres. The Waldo Canyon Fire was the most destructive fire in Colorado state history, causing more than $352.6 million in damage.

8. On or about June 26, 2012, the Waldo Canyon Fire approached the home of Plaintiff. The extreme heat, smoke and soot generated by the fire caused widespread and significant damage to the Plaintiff's home, including damage to the interior and exterior of the Property. Plaintiff subsequently opened a claim with American Family.

9. After receiving notice of Plaintiff's claim, American Family assigned the Plaintiff's claim to an adjuster. American Family issued an inadequate and partial payment for the loss to Plaintiff. The payment issued by American Family was not adequate to fully repair the Property, failed to address significant areas of damage at the Property and did not provide adequate payment for all coverage implicated in Plaintiff's loss. American Family refused to fully and fairly pay the remaining portion of Plaintiff's claim.

10. Defendant American Family wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

11. Defendant American Family failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, American Family refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Further, American Family failed to conduct a reasonable investigation of Plaintiff's claim. American Family's conduct constitutes a breach of the insurance contract between American Family and Plaintiff.

## V.
### First Claim for Relief
### Breach of the Implied Covenant of Good Faith and Fair Dealing

12.     Plaintiff re-alleges and incorporates allegations 1-11 of this Complaint as if fully set forth herein.

13.     Because a contract of insurance existed between American Family and the Plaintiff, American Family owed Plaintiff a duty to deal with them fairly and in good faith in performing under the contract.

14.     American Family has violated its duty of good faith and fair dealing by, among other things, failing to offer to pay the Plaintiff an amount which it otherwise concluded to be a fair and reasonable amount for their losses and by compelling Plaintiff to institute litigation to recover amounts due under the agreement of insurance with American Family.

15.     American Family's behavior constitutes bad faith claims handling at Common Law and in violation of the provisions of C.R.S. §10-3-1104(h)(VII), as well as reckless disregard for the rights of its insured.

16.     As a result of Defendant's actions, Plaintiff has sustained damages and losses in amounts to be proven at trial.

## VI.
### Second Claim for Relief
### Breach of Contract

17.     Plaintiff incorporates by reference the previous allegations in paragraphs 1-16.

18.     After opening a claim with American Family, Plaintiff provided American Family with proof that their claim significantly exceeded the amount American Family offered to settle Plaintiff's claim.   Despite receiving information establishing that American Family had

underpaid Plaintiff's claim, Defendant American Family refused to tender the fair and reasonable value of Plaintiff's claim under the Policy.

19.     By failing to honor the promises made to Plaintiff in the insurance policy, American Family has breached its contract with Plaintiff.   As a result of American Family's refusal to honor the terms of the Policy, Plaintiff has suffered damages and losses.

**VII.**
**Third Claim for Relief**
**Violation of C.R.S. 10-3-1115 and 1116**

20.     Plaintiff incorporates by reference the previous allegations in paragraphs 1-19.

21.     At all times pertinent hereto, the following statute of the state of Colorado was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions - severability.**

> (1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

22.     C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

23.     American Family has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115.

24.     American Family is subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorneys' fees in addition to those claimed elsewhere in this Complaint.

## VIII.
### Prayer for Relief

WHEREFORE, Plaintiff prays for damages against Defendant American Family as follows:

1.      Damages for breach of contract, including the value of benefits Plaintiff was entitled to receive under the policy that were not provided; damages for delayed payment; consequential damages; and reasonable interest on delayed payment.

2.      Compensatory damages against Defendant, including economic and noneconomic damages.

3.      Double damages, court costs, and reasonable attorneys' fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116.

4.      An award of pre-judgment interest, costs, attorneys' fees where applicable, and

5.      Such other and further relief as this Court may deem just, equitable or proper.

Dated this 20th day of June, 2014.

### A JURY IS DEMANDED AS TO ALL ISSUES HEREIN

Respectfully submitted,

By: */s/ Robert D. Green*
          Robert D. Green
          Texas State Bar No. 08368025
          Hunter M. Klein
          Texas State Bar No. 24082117

**ROBERT D. GREEN & ASSOCIATES, P.C.**
440 Louisiana Street, Ste. 1930
Houston, Texas 77002
Telephone: (713) 654-9222
Facsimile: (713) 654-2155
e-mail: green@greentriallaw.com
e-mail: klein@greentriallaw.com
*Attorneys for Jesus Borrego and JoAnne Borrego*

By: */s/ Daniel P. Barton*
    Daniel P. Barton
    Ryan K. Haun

**BARTON LAW FIRM**
1201 Shepherd Drive
Houston, Texas 77007
Telephone: (713) 227-4747
Facsimile: (713) 621-5900
e-mail: dbarton@bartonlawgroup.com
e-mail: rhaun@bartonlawgroup.com
*Attorneys for Jesus Borrego and JoAnne Borrego*

OF COUNSEL:

Terry E. Rector, #11486
RECTOR LAW FIRM
131 S. Weber Street
Colorado Springs, CO 80903
Telephone: (719) 578-1106
Facsimile: (719) 635-3071
e-mail: trector@terryrectorlaw.com

L. Dan Rector, #7568
131 S. Weber Street
Colorado Springs, CO 80903
Telephone: (719) 473-0075
Facsimile: (719) 635-3071
e-mail: ldanrec@comcast.net

Address of Plaintiffs:

2475 Rossmere St.
Colorado Springs, CO 80919