IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01734-PAB-NYW

PATRICIA SCHNIEDWIND,
     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,
     Defendant.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

~~Each Party and each Counsel of Record stipulates and moves the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows~~<u>Upon consideration the Parties' Stipulated Motion for Protective Order, the court hereby finds good cause to enter such Order and therefore, IT IS ORDERED</u>:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      Information designated as "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 4 below as containing:

    a.      The proprietary, confidential, competitively sensitive and/or trade secret information of a party and/or its related entities; or

    b.      Any individual's common law or statutory privacy interests.

3.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A).   A draft or non-identical copy is a separate document within meaning of this term.

4.      Documents are designated as Confidential Information by:

    a.      Imprinting the word "Confidential" on the first page or cover of any document produced and in a manner that will not interfere with their legibility;

    b.      Imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.  <u>Notwithstanding the foregoing, the court and its personnel are not required to execute or submit the affidavit.</u>

6.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

7.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.     The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

10.     Whenever a deposition involves the disclosure of Confidential Information the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription in accordance with paragraph 4(c) above.

11.     A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Notifying counsel and the designating counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempts, counsel are unable to resolve the dispute, opposing counsel may move for a disclosure order consistent with this Order. Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12.     Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its Confidential Information status as

- 4 -

between the parties through such use.  Any motion requesting leave to file documents under restrictive access  shall comply with the requirements of D.C.Colo.L.Civ.R 7.2.

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14.     Upon termination of this litigation, including appeals, and unless other arrangements are agreed upon mutually by the parties, each document and all copies thereof which have been designated as Confidential shall be destroyed or returned to the party that designated it Confidential.

15.     This Protective Order also governs the use of videotaped depositions obtained during this litigation. The parties and their counsel to this case are prohibited from publicly disseminating any deposition videotape obtained by any party during this case or otherwise use such videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal

Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated: <u>April 27, 2015</u>

BY THE COURT:

s/ Nina Y. Wang

_____

United States Magistrate Judge

STIPULATED AND AGREED TO BY:

EXHIBIT A

AFFIDAVIT

STATE OF COLORADO          )

                           )      ss.

COUNTY OF                  )


_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in Schneidwind v. American Family, 14-cv-01734-PAB-BNB, a copy of which is attached to this Affidavit.

2.         I have been informed by_____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.       For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name) Address:

Telephone No.: (    )

SUBSCRIBED   AND   SWORN   to   before   me   this   ____   day   of   _____,

201   ,   by

.

WITNESS my hand and official seal.

Notary Public

[S E A L]

My Commission Expires:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01734-BNB

PATRICIA SCHNIEDWIND,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant

### **PLAINTIFF'S FIRST SET OF INTEROGATORIES TO DEFENDANT**

     Plaintiff, Patricia Schniedwind by and through her attorney, and pursuant to Fed. R.Civ.P.

35, sets forth the following Interrogatories to Defendant.

                     Respectfully submitted,

                     */s/ Robert D. Green*
                     Robert D. Green, #46875
                     Hunter M. Klein
                     **Robert D. Green & Associates, P.C.**
                     440 Louisiana St., Ste. 1930
                     Houston, Texas 77002
                     (713) 654-9222
                     (713) 654-2155 (fax)
                     Email:  green@greentriallaw.com
                     klein@greentriallaw.com
                     *Co-Lead Counsel for Patricia Schniedwind*

**Exhibt B**

*/s/ Daniel P. Barton*

Daniel P. Barton
Ryan K. Haun
**Barton Law Firm**
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747
(713) 621-5900 (fax)
Email:  dbarton@bartonlawgroup.com;
rhaun@bartonlawgroup.com
*Co-Lead Counsel for Patricia Schniedwind*

*Of Counsel*:

Terry E. Rector
**Rector Law Firm**
131 S. Weber Street
Colorado Springs, Colorado 80903
(719) 578-1106
(719) 635-3071 (fax)
Email:  trector@terryrectorlaw.com
*Co-Counsel for Patricia Schniedwind*

L. Dan Rector
131 S. Weber Street
Colorado Springs, Colorado 80903
(719) 473-0075
(719) 635-3071 (fax)
Email:  ldanrec@comcast.net
*Co-Counsel Patricia Schniedwind*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of February, 2015, a true and correct copy of the foregoing instrument has been delivered by certified mail, return receipt requested, hand delivery, facsimile, or electronic service on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

L. Kathleen Chaney
Lambdin & Chaney, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO 80237
E-mail: kchaney@lclaw.net

*/s/ Robert D. Green*
Robert D. Green

## DEFINITIONS

"**PLAINTIFF**" means PATRICIA SCHNIEDWIND, Plaintiff's agents, representatives, and all other persons acting in concert with Plaintiff, or under Plaintiff's control, including any attorney.

"**DEFENDANT**" means American Family Mutual Insurance Company, along with its agents, representatives, and all other persons acting in concert with it, or its control, including any attorney.

"**CLAIM**" means the insurance claim at issue in this lawsuit described in Plaintiff's live pleading.

"**DOCUMENT**" means any medium upon which intelligence or information can be recorded or retrieved, and includes without limitation, the original and each non-identical copy regardless of origin and location. This definition specifically includes, but is not limited to voice  mail messages and files, back-up voice mail files, e-mail messages and files, backup email files, deleted e-mail, data files, program files, backup and archival tapes, temporary files, system history files, Web site information stored in textual, graphical or audio format, Web site log files, cache files, cookies, and other electronically-recorded information. If any document requested herein is no longer in your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each such document describe the nature of the document, state the date of the document, identify the persons who sent and received the original and a copy of the document, state in as much detail as possible the contents of the document, and state the manner and date of disposition of the document. A document is deemed to be within your custody and control if you have a superior right to compel the production of the document from the third party.

"**IDENTIFY**" or "**IDENTIFICATION**":

a.     When used in reference to a person, "*identify*" or "*identification*" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

b.     When used in reference to a public or private corporation, governmental entity, partnership or association, "*identify*" or "*identification*" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

c.     When used in reference to a document, "*identify*" or "*identification*" shall include statement of the following:

(1)     the title, heading, or caption, if any, of such document;

(2)     the identifying number(s), letter(s), or combinations thereof, if any; and

the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(3)    the date appearing on such documents; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(4)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(5)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared;

(6)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addresses, to whom such document, or a copy thereof, was sent; and

(7)    the physical location of the document and the name of its custodian or custodians.

**"PERSON"** includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

**"PARTY"** shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

**"RELATING TO"** and or **"RELATES TO"** means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

**"CONCERNING"** means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

**"COMMUNICATION"** means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) an all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

**"DATE"** means the exact date, month, and year, if ascertainable, or, if not, the best available approximation, statements of the following:

**"DESCRIBE"** and **"IDENTIFY"** when referring to a person, require statements of the fol1owing:

    a.  The full name.

    b.  The present or last known residential address.

    c.  The present or last known residential and office telephone numbers.

    d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.

    e.  In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

**"DESCRIBE**" and **"IDENTIFY"** when referring to a document, are defined to require that you state the following:

    a.  The nature (e.g., letter, handwritten note) of the document.

    b.  The title or heading that appears on the document.

    c.  The date of the document and the date of each addendum supplement, or other addition or change.

    d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.  The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

The words **"AND"** and **"OR"** should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

**"PERTAINS TO"** or **"PERTAINING TO"** means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

The term **"LAWSUIT"** means Cause No. 14-cv-01734-BNB, *Patricia Schniedwind v. American Family Mutual Insurance Company*; In the United States District Court for the District Court of Colorado.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## AMERICAN FAMILY MUTUAL INSURANCE COMPANY

1.      Please state the name, address and work and home telephone number, Driver's License number, and position or job title of all persons answering these interrogatories.

**RESPONSE:**

2.      State whether you contend that Plaintiff did not provide any of the named defendants in this cause of action with requested information, which was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**RESPONSE:**

3.      Please identify any person you expect to call to testify at the time of trial.

**RESPONSE**:

4.      State the following concerning the notice of the claim and timing of payment:

        a.      The date and manner in which you received notice of the claim;

        b.      The date and manner in which you acknowledged receipt of the claim;

        c.      The date and manner of which you commenced investigation of the claim;

        d.      The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believe, at the time, would be required from the claimant; and

        e.      The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**RESPONSE:**

5.      Identify by date, amount and type of coverage, the insurance proceeds payments made by you to Plaintiff.

**RESPONSE:**

6.      State every basis, in fact and in terms of Plaintiff's policy for your recommendation on Plaintiff's claims, as well as state whether you recommended payment on Plaintiff's

claims, and if so, in what amount(s).

**RESPONSE:**

7.   Do you contend that the insured premises were damaged by any excluded peril?  If so, state the general factual bases for this contention.

**RESPONSE:**

8.   Do you contend that any act or omission by Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, sate the general factual bases for this contention.

**RESPONSE:**

9.   Do you contend that Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual vases for this contention.

**RESPONSE:**

10.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit, including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

**RESPONSE:**

11.  State the name, address, telephone number and job title or position of all persons who were assigned or employed by you to adjust or handle Plaintiff's claim.

**RESPONSE:**

12.  For any persons identified in interrogatory No. 11, please provide each person's employment history in the field of insurance in the last five (5) years. This includes providing the date on which such employees were licensed as adjusters in the State of Colorado, if applicable.

**RESPONSE:**

13.  List and identify any and all courses, seminars, education, training or reference materials

the persons listed in response to interrogatory No. 11 attended or received concerning construction, roofing, framing, foundation or any other repairs in the last five (5) years.

**RESPONSE:**

14.   List and identify any and all courses, seminars, education, training or reference materials you provided any adjuster, expert, vendor or other entity you hired, retained or otherwise compensated on this claim specific to the handling and investigation of fire related policy claims and/or homeowners related property damages, and the source from which the training was acquired in the last five (5) years.

**RESPONSE:**

15.   State whether any of your adjusters or employees requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, to whom was the request made, such as to a supervisor, industrial hygienist, engineer or any other person(s), including the name, address and telephone number of such individual and what type of request was made.

**RESPONSE:**

16.   If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

**RESPONSE:**

17.   Identify by date, author, and result the estimates, appraisals, engineering, contents, industrial hygiene and other reports generated as a result of your investigation.

**RESPONSE:**

18.   Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of fire claims.

**RESPONSE:**

19.   From June 23, 2013 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for insurance benefits in Colorado are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**RESPONSE:**

20.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the documents were destroyed, and explain your document retention policy.

**RESPONSE:**

21.    How is the performance of adjusters involved in handling homeowners claims valuated? Please state what performance measures are used and describe your bonus or incentive plan for adjusters.

**RESPONSE:**

22.    State your policy regarding payment of overhead and profit on losses made under Colorado homeowners policies. If your policy is different today from the date of the loss made the basis of this lawsuit, state both the current and previous policy, the date of the change and the reason for the change.

**RESPONSE**:

23.    If you contend that you paid overhead and profit as part of any payment made in Plaintiff's loss, please state the amount paid and the precise location of the payment in the claims file by date, Bates label and/or line item.

**RESPONSE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01734-BNB

PATRICIA SCHNIEDWIND,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant

## **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

      Plaintiff, Patricia Schniedwind by and through her attorney, and pursuant to Fed. R.Civ.P.

35, sets forth the following Requests for Production of Documents to Defendant.

                Respectfully submitted,


*/s/ Robert D. Green*
Robert D. Green, #46875
Hunter M. Klein
**Robert D. Green & Associates, P.C.**
440 Louisiana St., Ste. 1930
Houston, Texas 77002
(713) 654-9222
(713) 654-2155 (fax)
Email:  green@greentriallaw.com
klein@greentriallaw.com

*Co-Lead Counsel for Patricia Schniedwind*

*/s/ Daniel P. Barton* _____
Daniel P. Barton
Ryan K. Haun
**Barton Law Firm**
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747
(713) 621-5900 (fax)
Email:  dbarton@bartonlawgroup.com;
rhaun@bartonlawgroup.com

*Co-Lead Counsel for Patricia Schniedwind*

*Of Counsel*:

Terry E. Rector
**Rector Law Firm**
131 S. Weber Street
Colorado Springs, Colorado 80903
(719) 578-1106
(719) 635-3071 (fax)
Email:  trector@terryrectorlaw.com
*Co-Counsel for Patricia Schniedwind*

L. Dan Rector
131 S. Weber Street
Colorado Springs, Colorado 80903
(719) 473-0075
(719) 635-3071 (fax)
Email:  ldanrec@comcast.net
*Co-Counsel Patricia Schniedwind*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of February, 2015 a true and correct copy of the foregoing instrument has been delivered by certified mail, return receipt requested, hand delivery, facsimile, or electronic service on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

L. Kathleen Chaney
Lambdin & Chaney, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO 80237
E-mail: kchaney@lclaw.net

*/s/ Robert D. Green*
Robert D. Green

## **INSTRUCTIONS**

1.   Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number. There is a duty to supplement any answer made to the request for documents when the original answer is no longer true or the answer was incorrect or incomplete when made.

2.   For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title and address of the person who prepared it; the name, address and job title of the person whom it was addressed to, circulated to, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and the custodian for the document.

3.   For a document that no longer exists or that cannot be located , identify the document and state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify each person having knowledg e about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.   The production of documents pursuant to the following requests for documents, are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

**"PLAINTIFF"** mean PATRICIA SCHNIEDWIND along with their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly including any attorney.

"**DEFENDANT"** means AMERICAN FAMILY MUTUAL INSURANCE COMPANY , along with its underwriters, agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

**"DOCUMENT," "DOCUMENTS "** and **"DOCUMENTATION"** are used in their broadest sense and mean all written, printed, typed, recorded , or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed , typed , recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person of entity, including without limitation any government agency, department , administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed , photocopied , photographic or recorded, stenographic, computer-generated, computer- installed or electronically stored matters, however and by whomever produced , prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas' agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payment s; chalks, drawings; check registers; checkbooks ; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmission; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, j ournals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; list; log books ; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entitles; messages; microfilm; microfiche; minutes; minute books; notebooks; notes; pamphlet s; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts;

programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or commenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering repoĭs, evaluations, advice; recommendations; commentaries; conclusions ; studies; test plans; manuals; procedures' data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries, telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written handwritten , typewritten, recorded, stenographic, computer-generate, computer-stored or electronically stored matter, however or by whomever produced , prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

**"PERSON"** includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of   an   individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

**"PARTY"** shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities,  which become parties subsequent to the date this request for documents served.

**"RELATING TO"** and or **"RELATES TO"** means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

**"CONCERNING"** means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

"**COMMUNICATION"** means the transmission, sending and/or receipt of

information of any kind by or through any means, including but not limited to speech, writings , language (machine, foreign or otherwise), computer electronics of any kind (e.g., email) magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegraph, microfilm , microfiche, photographic film of any type and other media of any kind. The term "communication " also includes, without limitations all "records" (as hereafter defined) an all inquiries, discussions, conversations , negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

**"RECORD(S)"** means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representations of any kind, created during the period of June 2003 to the present. Such electronic data should be provided on CD or other appropriate media.

**"DATE"** means the exact date, moth, and year, if ascertainable, or, if not, the best available approximation.

**"DESCRIBE"** and **"IDENTIFY"** when referring to a person, require statements of the following:

a.   The full name.
b.   The present or last known residential address.
c.   The present or last known residential and office telephone numbers.
d.   The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.   In the case of any person other than an individual, identify the officer, employee; or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

**DESCRIBE"** and **"IDENTIFY,"** when referring to a document, are defined to require that you state the following:

a.   The nature (e.g., letter, handwritten note) of the document
b.   The title or heading that appears on the document
c.   The date of the document and the date of each addendum, supplement, or

other addition or change.

**"PROPERTY"** is defined as the residence located at 2475 Rossmere Street, Colorado Springs, CO 80919.

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE

### REQUEST FOR PRODUCTION NO. 1:

Documents reflecting any appraisals, estimates, inspections or underwriting evaluations performed at Plaintiff's residence.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2:

The non-privileged claims file for the claim made the basis of this lawsuit. This request specifically includes any information related to the reserves placed on Plaintiff's claim.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3:

The underwriting file for the Property.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4:

All training materials American Family Mutual Insurance Company provided to its adjusters, employees, vendors or experts pertaining to handling of homeowners insurance claims in the State of Colorado. This request is limited to documents in effect during any part of the handling of Plaintiff's claim and for the five (5) years prior.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5:

The reports of any expert you relied on to support any denial or partial payment of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All communications between you and any third party regarding Plaintiff's claim.   This request includes, but is not limited to communications with any vendor, expert or adjuster.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Any documents reflecting American Family's policies and procedures for handling homeowners insurance claims in the State of Colorado in compliance with Colorado law. This request specifically includes documents related to Defendant 's compliance with the Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Contract, violations of C.R.S. 10-3- 1115 and 116 and Colorado Division of Insurance Regulation 5-1-14 and 3 CCR 702-5 :5-1-14.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Any photos of the Property before or after the loss made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Any documents reflecting your contention that Plaintiff failed to mitigate her damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Copies of any advertisement American Family Mutual Insurance Company placed into the stream of commerce related to homeowner s insurance in the state of Colorado in the past ten (10) years. This request specifically includes advertisements in any medium, including television, radio, print and internet.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Training materials provided to any adjuster or adjusting company regarding the handling of fire claims in Colorado in the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Any documents related to the evaluation of fire, heat, soot and smoke damage to homes in Colorado. This request specifically includes documents reflecting American Family Mutual Insurance Company's position on the repair or replacement of windows, siding, roofing and any other building materials based on exposure to fire.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Any document related to preferred vendors used by American Family Mutual Insurance Company in adjusting or evaluating fire claims in Colorado. This request specifically includes engineers, industrial hygienists, cleaning companies, contents adjusters/evaluators, roofers, arborists, window installers, additional living expense vendors, laboratories and outside adjusting companies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Any agreement between American Family Mutual Insurance Company and any vendor providing adjusting or claims handling services related to residential claims following the Waldo Canyon Fire. This request is limited to only those vendors who were involved in the handling of this particular claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Records, documents, or statements obtained from Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Claims handling instructions, guidelines or directives for your handling of r e s i d e n t i a l p r o p e r t y insurance claims in the State of Colorado in the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

You have taken the position that "Plaintiff's injuries or damages, if any, were caused by her own comparative negligence or fault, or the negligence or fault of others imputed to her, which negligence or fault bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111. Please produce any document in your possession reflecting any negligence or fault of the Plaintiff in this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

The personnel files of any employee of American Family Mutual Insurance Company who handled all or part of Plaintiff's claim. This request specifically seeks information related to performance, evaluation, discipline, instruction, and training.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Documents reflecting any policies, procedures or instructions regarding the payment of overhead **and** profit on homeowners insurance claims in Colorado. This request is limited to responsive documents in effect from five (5) years prior to the loss made the basis of this lawsuit to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Documents reflecting any policies, procedures or instructions regarding the granting or denial of extensions of policy deadlines arising from homeowners insurance claims in Colorado. This request is limited to responsive documents in effect from five (5) years prior to the loss made the basis of this lawsuit to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**:

Documents reflecting any policies, procedures or instructions regarding the payment of claims for food spoilage under a Colorado homeowners insurance policy. This request is limited to responsive documents in effect from five (5) years prior to the loss made the basis of this lawsuit to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**:

Documents reflecting any policies, procedures or instructions regarding the acceptance or rejection of a proof of loss from a homeowners insurance policyholder in Colorado. This request is limited to responsive documents in effect from five (5) years prior to the loss made the basis of this lawsuit to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**:

Documents reflecting any policies, procedures or instructions regarding American Family's compliance with Colorado Division of Insurance Regulation 5-1-14 in the handling of homeowners insurance claims in Colorado. This request is limited to responsive documents in effect from five (5) years prior to the loss made the basis of this lawsuit to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**:

Documents reflecting the payment of overhead and profit in the claim made the basis of this lawsuit. If you contend that overhead and profit is included in the line items of the estimate(s) created in this case, provide the relevant documentation from Xactimate (or any other estimating program used to adjust Plaintiff's claim) that demonstrates how overhead and profit was calculated for each item in each of the estimates generated for the claim made the basis of this lawsuit.

**RESPONSE:**