IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01734-PAB-NYW

PATRICIA SCHNIEDWIND,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on the Motion for Partial Summary Judgment [Docket No. 49] filed by defendant American Family Mutual Insurance Company ("American Family"). The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

Plaintiff owned a Homeowners Policy ("the policy") with American Family that provided coverage for losses to her real property. Docket No. 49 at 2, Statement of Undisputed Material Fact ("SUMF") 1. The policy states that any lawsuit by the policyholder against American Family "must be brought within one year after the loss or damage occurs." *Id.* at 3, SUMF 7; Docket No. 49-1 at 13, § I.18. The policy period is from November 4, 2011 through November 4, 2012. Docket No. 49 at 3, SUMF 8.

Plaintiff alleges that the insured property was damaged by the Waldo Canyon fire on June 26, 2012. *Id.* at 2, SUMF 4. Plaintiff filed a claim with American Family

---

[1]The following facts are undisputed unless otherwise indicated.

under the policy in June 2012. *Id.* at 3, SUMF 5. The parties disputed the extent of the damage to the covered property. *Id.* Plaintiff filed this lawsuit on June 20, 2014, alleging claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and statutory bad faith pursuant to Colo. Rev. Stat. §§ 10-3-1115, 1116. *See* Docket No. 1.

In May 2013, the Colorado General Assembly passed the Homeowner's Insurance Reform Act of 2013 (the "Act"). 2013 Colo. Legis. Serv. Ch. 183, § 2. The Governor signed the bill on May 10, 2013. http://www.leg.state.co.us/clics/clics2013a/csl.nsf/fsbillcont/B95B7D8CF123429187257AEE005702F7?Open&file=1225_enr.pdf (last visited January 11, 2016). Section 110.8(12) of the statute provides:

> (a) Notwithstanding any provision of a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law, a homeowner may file such a suit within the period of time allowed by the applicable statute of limitations; except that this paragraph(a):
>
>> (I) Does not revive a cause of action that, as of May 10, 2013, has already been barred by contract; and
>>
>> (II) Applies only to a cause of action that, as of May 10, 2013, has not been barred by contract.
>
> (b) On and after January 1, 2014, an insurer shall not issue or renew a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law.

Colo. Rev. Stat. §10-4-110.8(12). While the rest of the Act took effect on January 1, 2014, Section 110.8(12) took effect on the date the governor signed the law. 2013 Colo. Legis. Serv. Ch. 183, § 5. Before the passage of Section 110.8(12), Colorado

courts had held that parties to a contract "may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations." *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 539 (Colo. App. 2006). Section 110.8(12) creates an exception for homeowners insurance policies to the general rule that contractually-shortened limitations on lawsuits are enforceable under Colorado law.

American Family seeks summary judgment on plaintiff's breach of contract and statutory bad faith claims on the ground that they are barred by the policy's one-year limit on bringing suit. Plaintiff responds that, pursuant to Section 110.8(12), her claims are not time-barred.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at

trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III. ANALYSIS

Plaintiff alleges that the loss occurred on June 26, 2012. Docket No. 49 at 2, SUMF 4. Plaintiff did not file this lawsuit until June 20, 2014. Docket No. 1. Since the policy requires a policyholder to bring suit within one year after suffering loss or damage under the policy, plaintiff's claim, which was filed almost two years later, is barred unless Section 110.8(12) overrides the policy's limitation provision.

### A. Application of Section 110.8(12) to Expired Policies

American Family argues that Section 110.8(12) does not apply retroactively to plaintiff's homeowners' policy. Docket No. 49 at 8. Colorado statutes generally do not apply retroactively and are "presumed to be prospective in . . . operation." Colo. Rev. Stat. § 2-4-202. Accordingly, "[a]bsent legislative intent to the contrary, we presume a statute operates prospectively." *City of Colo. Springs v. Powell*, 156 P.3d 461, 464 (Colo. 2007). Although "express language of retroactive application is not necessary to find that a law is intended to apply retroactively," *City of Golden v. Parker*, 138 P.3d 285, 290 (Colo. 2006), a clear legislative intent to this effect must generally appear on the face of the statute or in its legislative history. *See, e.g.*, *Powell*, 156 P.3d at 465-68 (finding no clear legislative intent to apply statute retroactively after examination of the statute and its legislative history).

Section 110.8(12) allows a homeowner to file suit within the statutory period, despite a shorter contractual limitation in the insurance policy, so long as the homeowner's cause of action was not barred by contract as of May 10, 2013. Colo. Rev. Stat. §§ 10-4-110.8(12)(a)(I)-(II). "Legislation is applied . . . retroactively when it operates on transactions that have already occurred or rights and obligations that existed before its effective date." *Ficarra v. Dep't of Regulatory Agencies, Div. of Ins.*, 849 P.2d 6, 11 (Colo. 1993). The language of Section 110.8(12)(a) confirms that the legislature intended that the statute apply retroactively. In clarifying that Section 110.8(12) did not revive any cause of action already barred by contract and that it applies only to causes of action not barred by contract as of May 10, 2013, the

legislature intended that the statute apply to homeowners' insurance policies that predated the Act, but whose contractual limitations period had not yet expired. If Section 110.8(12) were meant to be applied prospectively only and not to policies entered into before the Act was signed into law, then the language limiting its application to causes of action not barred as of May 10, 2013 would be without meaning. Such a construction would be "contrary to the well-established rule of statutory construction that the entire statute is intended to be effective." *Flower v. People*, 658 P.2d 266, 268 (Colo. 1983) (citing Colo. Rev. Stat. § 2-4-201(1)(b)).

American Family does not dispute that the legislature intended that Section 110.8(12) apply retroactively to certain homeowners' policies. *See* Docket No. 49 at 8-9. American Family does dispute, however, that the statute applies to a policy, such as the one at issue, whose term had expired before May 10, 2013.[2] American Family argues that, because Section 110.8(12) is silent as to expired insurance policies, the statute was not intended to reach those policies. Docket No. 49 at 8-9. The Court disagrees. Section 110.8(12) applies to "any provision" of a homeowner's insurance

---

[2]It is unclear why American Family's analysis focuses on whether the policy was expired or unexpired since the effect of Section 110.8(12) on a cause of action that, as of May 10, 2013, had not been barred by contract does not seem to differ based on whether that contractual provision was part of an expired or unexpired contract. For instance, American Family says that it relied on the enforceability of the contractual limitation. Docket No. 52 at 9. But presumably such reliance took place as of the time that it tendered the policy to plaintiff for acceptance. American Family does not suggest that, had the policy period been in effect on May 10, 2013, it could have somehow avoided application of Section 110.8(12), for instance, by abrogating or modifying the contract. Thus, it would seem that American Family's claim that the contractual limitations period is a vested contract right does not depend on whether the policy was expired on May 10, 2013, but rather is based simply on the fact that the limitations period is part of an otherwise valid contract.

policy that shortens the otherwise-applicable statute of limitations, with the exception of a cause of action already contractually barred as of May 10, 2013. Colo. Rev. Stat. § 10-4-110.8(12)(a). The fact that the statute makes no distinction between policies still in existence as of May 10, 2013 and policies that expired before that date does not, as American Family urges, exempt expired policies from the statute. Rather, the statute focuses on causes of action. The plain text of the statute provides that any cause of action not contractually barred by May 10, 2013 is subject to the statutory limitations period, while any cause of action that had been barred by contract as of that date is not revived. Since plaintiff suffered the loss on June 26, 2012, less than one year before May 10, 2013, the policy's one year limitations period had not barred her cause of action as of the statute's effective date. As a result, plaintiff is correct that Section 110.8(12)(a) gives her the right to file a claim against American Family within the applicable statute of limitations, "[n]otwithstanding any provision of a homeowner's insurance policy" to the contrary. Colo. Rev. Stat. § 10-4-110.8(12)(a).

The case that American Family cites, *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272 (10th Cir. 2011), does not compel a contrary result. In *Greystone*, the Tenth Circuit considered whether Colo. Rev. Stat. § 13-20-808, which provided a statutory definition of the term "accident," applied retroactively to expired policies. *Id.* at 1279-80. *Greystone* does not, as American Family argues, require the Court to interpret any insurance-related legislation that does not explicitly include expired policies to exclude such policies. In *Greystone*, the legislative act that created Section 808, H.B. 10-1394, contained an "applicability" section that limited its

application to "all insurance policies *currently in existence* or issued on or after the effective date of this act." *Id.* at 1280 (citing 2010 Colo. Legis. Serv. Ch. 253, § 3) (emphasis in original). The phrase "currently in existence" in the text of the act – not the statute's silence as to existing policies – compelled the conclusion that the Colorado General Assembly intended to exclude expired policies from the purview of Section 808. *See id.* (noting that the similar phrase "existing policy" as used in Colorado law referred to "policies whose policy period has not yet expired"). Neither Section 110.8(12) nor the text of the Act limits its application to policies "currently in existence" or "existing policies." *See* Colo. Rev. Stat. § 10-4-110.8(12); 2013 Colo. Legis. Serv. Ch. 183. Instead, as noted earlier, Section 110.8(12) focuses on causes of action. In the absence of any such limitation in the statute or its legislative history to expired policies, the Court gives effect to the plain meaning of the statute, which applies to "any provision" of a homeowner's policy – expired or currently in existence – that establishes a shorter time within which to file a lawsuit than provided for by the applicable statute of limitations. Colo. Rev. Stat. § 10-4-110.8(12)(a).

## B. Constitutional Challenge

American Family argues that, if Section 110.8(12) is interpreted to apply to expired policies, the statute violates both the Colorado and United States Constitutions. Although the basis for American Family's constitutional challenge is somewhat unclear, American Family appears to argue that retroactive application of Section 110.8(12) would violate both the Colorado and United States Constitutions' prohibitions on ex post facto laws and laws impairing the obligations of contracts. *See* Docket No. 49 at 10-11.

### *1. Retrospective Legislation Under Colorado Law*

Article II, § 11 of the Colorado Constitution states that "[n]o . . . law . . . retrospective in its operation . . . shall be passed by the general assembly." Colo. Const. art. II, § 11.[3] "Because some retroactively applied legislation is constitutional while some is not, Colorado courts have marked this distinction by evoking the term contained in the constitutional provision – 'retrospective' – to describe a statute whose retroactive application is unconstitutional." *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002). A statute is retrospective under the Colorado Constitution "if it either (1) impairs a vested right, or (2) creates a new obligation, imposes a new duty, or attaches a new disability[.]" *Id.* at 855. American Family argues that Section 110.8(12) impairs a vested right because the policy's one year time period for lawsuits "was a vested contract right that could not constitutionally be abrogated[.]" Docket No. 52 at 9.[4]

---

[3]American Family also suggests that Section 110.8(12) violates the Ex Post Facto Clause of the United States Constitution. *See* Docket No. 49 at 11 (arguing that Section 110.8(12) is "unconstitutional as an expo facto [sic] law which violates . . . U.S. Const. art. 1, § 10."); Docket No. 52 at 8 ("The Colorado and U.S. Constitutions both forbid ex post facto legislation"). The Ex Post Facto Clause provides that "[n]o State shall . . . pass any . . . ex post facto Law[.]" U.S. Const. art. 1, § 10 cl. 1. However, "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990) (citing *Calder v. Bull*, 3 U.S. 386, 390 (1798)). Section 110.8(12) is not penal in nature.

[4]American Family does not argue that Section 110.8(12) creates a new obligation, duty, or disability. *See generally* Docket Nos. 49, 52. The Court, therefore, does not address this issue. *Cf. Ficarra,* 849 P.2d at 16, n.16 ("The plaintiffs have not raised on appeal the issue of whether the application of the Act by the Division attaches a new disability to them with respect to transactions or considerations already past. We therefore express no opinion on the issue").

A vested right is one that is "something more than a mere expectation based upon an anticipated continuance of the existing law." *DeWitt*, 54 P.3d at 856 (citing *Ficarra*, 849 P.2d at 16). A right is vested if it survives "the repeal of a statute or the abrogation of the common law from which [it] may have originated." *Ficarra*, 849 P.2d at 15-16. In other words, "[a] vested right 'must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that it is not dependent on the continued existence of the statute' or common law." *Parker*, 138 P.3d at 293 (quoting 1A Norman J. Singer, *Sutherland Statutory Construction* § 23.35 (6th ed. 2002)). Retroactive application may be constitutional even if a party is disadvantaged. *People v. D.K.B.*, 843 P.2d 1326, 1332 (Colo. 1993).

American Family's contractual ability to shorten the applicable limitations period relied on existing common law that held such agreements to be enforceable. Although American Family's expectation that its liability under the policy would be limited to one year from the date of the loss stemmed from a contract, the enforceability of the contract's limitations provision is "dependent on the continued existence of the . . . common law." *Parker*, 138 P.3d at 293. In particular, because limitations periods are inherently the province of the legislature, American Family cannot claim a vested right to its ability to contractually shorten the applicable limitations period. *Cf. Campbell v. Holt*, 115 U.S. 620, 628 (1885) ("shortening the [statutory limitations] period or making it longer . . . have always been held to be within the legislative power until the bar is complete. . . . It violates no right of [a party], therefore, when the legislature says time

shall be no bar, though such was the law then the contract was made"); *Edelstein v. Carlile*, 78 P. 680, 681 (Colo. 1904) (holding that statutes of limitations are "remedial" in nature and laws affecting them do not "disturb vested rights" until "the bar of the statute has . . . attached"); *Harrington v. Anderson*, 130 P. 616, 617 (Colo. App. 1913) (the "overwhelming weight of authority" supports that a party "has no vested right in the running of the statute of limitations until it has completely run and barred action").[5] Because American Family's contractual expectation relied on the continued validity of common law in an area within traditional legislative power, American Family has no vested right in the policy's contractual limitations period. "[I]n the usual case, no person has a vested right in any rule of law entitling that person to insist it shall remain unchanged for his or her future benefit." *Nye v. Indus. Claim Appeals Office of State of Colo.*, 883 P.2d 607, 609 (Colo. App. 1994).[6]

---

[5] For the same reason, this case is distinguishable from *Parker*, where the Colorado Supreme Court held that retroactive application of an amendment to a city's charter would impair developers' vested rights under existing agreements. 138 P.3d at 293-94. In *Parker*, unlike here, the change in law impaired "contractual obligations of the government" which the court noted was significant because such laws face "more stringent examination than would laws regulating contractual relationships between private parties." *Id.* at 293, n.3 (citation and quotation omitted). Limitations periods, unlike contracts between the government and private entities, do not enjoy the protection of such a "stringent examination" and are within the power of the legislature to change notwithstanding the expectations of privately contracting parties.

[6] In *DeWitt*, the Colorado Supreme Court identified the following factors for determining whether a vested right has been implicated: "(1) whether the public interest is advanced or retarded; (2) whether the statute gives effect to or defeats the bona fide intentions or reasonable expectations of the affected individuals; and (3) whether the statute surprises individuals who have relied on contrary law." *DeWitt*, 54 P.3d at 855. The Court finds that the public interest is advanced by the legislature's implicit determination that contractual limitations periods did not adequately safeguard the rights of insured homeowners. Regarding the second and third factors, although American Family may have expected to be able to enforce its contractual limitation

### *2. Impairment of Contracts*

American Family argues that retroactive application of Section 110.8(12) violates the contract clauses of both the Colorado and United States Constitutions. Docket No. 49 at 11. The Colorado Constitution provides that "[n]o . . . law impairing the obligation of contracts . . . shall be passed by the general assembly." Colo. Const. art. II, § 11. The United States Constitution states that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. In construing the impairment of contract clause of the Colorado Constitution, the Colorado Supreme Court has looked to the decisions of the United States Supreme Court interpreting the Contract Clause of the United States Constitution. *See DeWitt*, 54 P.3d at 858-59. Thus, the Court considers American Family's challenge pursuant to the contract clauses of the United States and Colorado Constitutions together.

"Although the language of the Contract Clause is facially absolute, its prohibition must be accommodated to the inherent police power of the State to safeguard the vital interests of its people." *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 410 (1983) (citation omitted); *accord*, *DeWitt*, 54 P.3d at 858 (noting that the federal and state contract clauses "are not to be interpreted as absolute" and "must be read to permit legislative action that promotes the common weal, or general good of the public, though contracts previously entered into between individuals may thereby be

---

period in reliance on contrary law, the Court finds that, given the legislature's traditional authority to alter limitations periods, and since any surprise is mitigated by the highly regulated nature of the insurance industry, *id.* at 857 (noting that the "insurance industry . . . is highly regulated by statute in Colorado"), any surprise or frustration of expectation does not outweigh the first factor. As a result, the *DeWitt* factors do not show that American Family has a vested right in its contractual limitation period.

affected"). Examination of whether a statute violates the Contract Clause is a two-step inquiry:

> The threshold inquiry is whether the state law has, in fact, operated as a substantial impairment of a contractual relationship. If a substantial impairment is found, the State, in justification, must have a significant and legitimate public purpose behind the regulation.

*Energy Reserves*, 459 U.S. at 401. "The severity of the impairment measures the height of the hurdle the state legislation must clear. Minimal alteration of contractual obligations may end the inquiry at its first stage. Severe impairment, on the other hand, will push the inquiry to a careful examination of the nature and purpose of the state legislation." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 245 (1978). If legislation constitutes a substantial impairment of a contractual relationship and a significant and legitimate public purpose is identified, "the final step of the Contract[] Clause analysis is to determine whether the adjustment of the rights and responsibilities of contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1098 (9th Cir. 2003) (citation, quotation, and alteration marks omitted). "Unless the State itself is a contracting party . . . courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Energy Reserves*, 459 U.S. at 412-13 (citing *U.S. Trust Co. of N.Y. v. New Jersey*, 431 U.S. 1, 22-23 (1977)) (internal quotation omitted).

The Court's analysis under the contract clauses of the Colorado and United States Constitutions is complicated by the parties' failure to brief the issue fully. In

invoking the contract clauses, American Family says that "retroactive application of legislation impairing existing contracts is immediately suspect" under both the Colorado and United States Constitutions, Docket No. 49 at 11, but offers no "careful examination of the nature and purpose of the state legislation." *Spannaus*, 438 U.S. at 245. For the purpose of this order, the Court assumes, without deciding, that retroactive application of Section 110.8(12) causes a substantial impairment of a contractual relationship.

Courts have held that, in light of the highly-regulated nature of the insurance industry, state statutes that revive expired insurance claims do not violate the Contract Clause. In *Campanelli*, the Ninth Circuit reviewed a California statute that revived insurance claims that were barred "solely because the applicable statute of limitations has or had expired." 322 F.3d at 1095. These claims arose out of damage caused by a 1994 earthquake. *Id.* In finding that the statute served a legitimate public purpose and did not violate the Contract Clause, the court cited the "highly-regulated nature of the California insurance industry" and the fact that the state legislature passed the bill in order to "bring needed relief to the victims" of the earthquake. *Id.* at 1098-99 (citation and quotation omitted). In *Serrano v. Aetna Ins. Co.*, 664 A.2d 279 (Conn. 1995), the Connecticut Supreme Court upheld the constitutionality of a statute that disallowed enforcement of any contractual limitation on the time to bring suit pursuant to an underinsured motorist policy that limited such time to less than three years. *Id.* at 282-83, 285-86. The Connecticut legislature passed the statute in response to previous decisions of the Connecticut Supreme Court that upheld contractual

limitations periods in insurance contracts. *Id.* at 287. The court found that the legislature's intent, to restore the claims of insureds that would otherwise have been barred, was a significant and legitimate public purpose. *Id.* at 287-88. The court further found that the statute was rationally designed to remedy the consequences of that decision and was thus a reasonable exercise of the state's police powers. *Id.* at 289.

The Court is persuaded by *Campanelli* and *Serrano* and finds that Section 110.8(12) serves a legitimate public purpose. As in California and Connecticut, the Colorado "insurance industry . . . is highly regulated by statute[.]" *DeWitt*, 54 P.3d at 857. Although the parties have not identified, and the Court has not found, any legislative history that states Section 110.8(12)'s purpose, a legitimate public purpose can be discerned from the statute itself, namely, concern that the rights of homeowners were not sufficiently safeguarded by allowing homeowner's insurance policies to specify a shorter limitations period than that prescribed by Colorado law. The Court further finds that, bearing in mind that the legislature is entitled to deference concerning the necessity and reasonableness of the measure, *Energy Reserves*, 459 U.S. at 412-13, Section 110.8(12) is "based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." *Id.* at 412; *see also Serrano*, 664 A.2d at 289. Accordingly, the Court holds that retroactive application of Section 110.8(12) to the contractual limitations clause in plaintiff's policy, where plaintiff's cause of action had not been contractually barred by May 10, 2013,

does not violate the Contract Clause of either the Colorado or the United States Constitution.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant American Family Mutual Insurance Company's Motion for Partial Summary Judgment [Docket No. 49] is **DENIED**.

DATED January 12, 2016.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge